IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW BRATCHER, et al.,<br><br>    Defendants. | Case No. 22-cv-03624-MMC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; AFFORDING PLAINTIFF LEAVE TO AMEND; DENYING AS MOOT DEFENDANTS JOHN HERN AND LISA KRYTER'S MOTION TO DISMISS** |

    Before the Court is plaintiff United Financial Casualty Company's First Amended Complaint ("FAC"), filed October 21, 2022.[1]  Having read and considered the FAC, the Court, for the reasons stated below, will dismiss the FAC for lack of subject matter jurisdiction, with leave to amend.

    In its Complaint, plaintiff asserts against four individuals and one entity (see FAC ¶¶ 4-8) two state law claims, titled, respectively, "Declaratory Relief on Duty to Indemnify" and "Declaratory Relief on Duty to Defend" (see FAC at 8:17-19, 9:22-24).  Plaintiff alleges the Court has diversity jurisdiction over its claims.  (See FAC ¶ 1).

    A district court has diversity jurisdiction only if "the matter in controversy exceeds the sum and value of $75,000, exclusive of interest and costs," see 28 U.S.C. § 1332(a), and each defendant's citizenship is diverse from that of the plaintiff, see id.

    Here, plaintiff sufficiently alleges the requisite amount in controversy (see FAC ¶ 71-72 (alleging plaintiffs in underlying personal injury action "seek[ ] to recover more

---

[1] On November 8, 2022, the above-titled action was reassigned to the undersigned.

than $75,000 in damages")), sufficiently alleges it is a citizen of Ohio (see FAC ¶ 3), and sufficiently alleges that each of the four individual defendants is a citizen of California (see FAC ¶ 4-5, 7-8).  Plaintiff has not, however, alleged facts sufficient to establish the citizenship of the entity defendant, specifically, Ventura System, LLC ("Ventura").  See Newman-Green, Inc. v. Alfonso-Larrain, 490 U.S. 826, 829 (1989) (holding plaintiff must meet diversity requirement "for each defendant or face dismissal").

According to plaintiff, Ventura "is a limited liability company organized under the laws of California" and whose "principal place of business is in California."  (See FAC ¶ 6.) Plaintiff fails, however, to identify the owners and/or members of Ventura, let alone the states of which each owner and/or member is a citizen.  See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding "an LLC is a citizen of every state of which its owners/members are citizens").  In the absence of such allegations, the complaint is deficient.  See, e.g., Lindley Contours LLC v. AABB Fitness Holdings, Inc., 414 Fed Appx. 62, 64 (9th Cir. 2011) (holding district court lacked jurisdiction over action in which two parties were LLCs and party seeking to establish jurisdiction "fail[ed] to state the citizenship of the . . . members of [each LLC]").

Accordingly, the FAC is hereby DISMISSED with leave to amend.  If plaintiff wishes to pursue its claims in federal court, plaintiff shall file, no later than December 2, 2022, a  Second Amended Complaint, in which plaintiff must allege facts sufficient to support a finding that the Court has jurisdiction over the instant action.

Lastly, defendants John Hern and Lisa Kryter's motion to dismiss, filed October 7, 2022, is, in light of the dismissal of the FAC, hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: November 9, 2022

MAXINE M. CHESNEY
United States District Judge