IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW BRATCHER, et al.,<br><br>    Defendants. | Case No. 22-cv-03624-MMC<br><br>**ORDER DENYING DEFENDANTS JOHN HERN AND LISA KRYTER'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is the "Motion to Dismiss Second Amended Complaint for Lack of Standing and Motion for Improper Joinder," filed December 30, 2022, by defendants John Hern and Lisa Krypter (collectively, "Moving Defendants"). Plaintiff United Financial Casualty Company ("United Financial") has filed opposition. Moving Defendants have not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for February 3, 2023, and rules as follows.

In the operative complaint, the Second Amended Complaint ("SAC"), United Financial seeks a declaration that it does not owe either a duty to defend or a duty to indemnify its insured, defendant Ventura Sys, LLC ("Ventura"), in connection with an action filed in state court by the Moving Defendants against Ventura and two individuals whom the Moving Defendants allege are employees of Ventura. (See SAC ¶¶ 31, 34; Ex. A.) According to United Financial, "each defendant" named in the instant action "contends that United Financial does have such an obligation." (See id.)

//

1	By the instant motion, the Moving Defendants argue United Financial lacks standing to seek declaratory relief against them, and, consequently, dismissal of the claims against them are required under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In particular, the Moving Defendants argue, United Financial has failed to allege facts in the TAC that establish it has been harmed by the Moving Defendants or that there is a sufficient risk of future harm by those parties and, consequently, that the sole relief United Financial seeks in the TAC, namely, declaratory relief, is only appropriately sought against its insured. See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021) (holding requisite "case or controversy" does not exist in absence of showing plaintiff "has suffered an injury in fact that is concrete, particularized, and actual or imminent").

In opposing the motion to dismiss, United Financial relies on Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941), wherein the Supreme Court found an "actual controversy" existed, thereby "warrant[ing] the issuance of a declaratory judgment" as between an insurer and an individual who had filed suit against the insured in state court, where the insured claimed that any judgment obtained against it in the underlying lawsuit would be "covered by the policy" and the applicable state law gave the underlying plaintiff "a statutory right to proceed against [the insurer] . . . if he obtains a final judgment against the insured." See id. at 273; see also id. at 274 (rejecting argument that, as between insurer and underlying plaintiff, "the controversy" was "too remote").

The instant action involves facts substantively similar to those in Maryland Casualty. Specifically, the Moving Defendants have sued Ventura, the insured, in state court (see SAC Ex. A), United Financial alleges that Ventura contends United Financial owes it a duty to indemnify it if the Moving Defendants obtain a judgment in the state

//
//
//

2

court action (see SAC ¶ 31),[1] and, as United Financial points out, the Moving Defendants have the statutory right, if they obtain a judgment in the underlying action, to proceed against United Financial under Ventura's policy, see Cal. Ins. Code § 11580(b)(2). Given such facts and the above-referenced authority, the Court finds an actual controversy "warrant[ing] the issuance of a declaratory judgment" exists between United Financial and the Moving Defendants, see Maryland Casualty, 312 U.S. at 273, i.e., that United Financial has standing to proceed with its claims for declaratory relief against the Moving Defendants, see ABKCO Music, Inc. v. LaVere, 217 F.3d 684, 687 (9th Cir. 2000) (holding plaintiff has "standing" to seek declaratory relief where, prior to filing complaint, "actual controversy" existed between the parties).[2]

Indeed, United Financial has made an even stronger showing than that made by the insurer in Maryland Casualty. According to the allegations in the SAC, the Moving Defendants, prior to the filing of the instant action, told United Financial "they were entitled to substantial payment from United Financial under [Ventura's] policy as a result of the incident [alleged in the underlying complaint]" (see SAC ¶ 28), "demanded United Financial pay them such sums" (see id.), and threatened that, "if payment were not made, they would file litigation to pursue their claims" (see id.). Said allegations, assumed true at the pleading stage, further confirm that a case or controversy warranting

---

[1] As the Moving Defendants raise only a "facial" challenge to jurisdiction, the Court "takes the allegations in the [TAC] as true," see Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004), and, in any event, Ventura, in its answer to the TAC, confirms it seeks indemnification (see Ventura's Answer ¶ 31 (alleging incident upon which underlying action is based is covered "accident" under United Financial's policy and that no exclusion to coverage applies)).

[2] Likewise, and again contrary to the Moving Defendants' argument, joinder of the Moving Defendants is proper. The dismissal in Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914 (9th Cir. 1979), the case on which the Moving Defendants rely, was not based on a finding that the plaintiff in the underlying action could not be joined in a declaratory relief action brought by the insurer of the underlying defendant, see id. (finding "[t]here appears no question . . . the [underlying plaintiff] is a proper defendant"), but, rather, on a finding that the underlying plaintiff was not an "indispensable defendant" to the coverage action, a determination bearing on diversity jurisdiction, see id. (noting Rule 21 permits court "to add or drop parties so as to avoid dismissing the action").

1  declaratory relief exists between United Financial and the Moving Defendants.  See
2  Societe de Conditionnement en Aluminum v. Hunter Engineering Co., 655 F.2d 938, 944
3  (9th Cir. 1981) (holding requisite case or controversy existed at time plaintiff filed
4  complaint for declaratory relief, where defendant had earlier threatened plaintiff with
5  lawsuit if plaintiff did not accede to defendant's demands).

  Accordingly, the Moving Defendants' motion to dismiss is hereby DENIED.

  **IT IS SO ORDERED.**

Dated: January 26, 2023

MAXINE M. CHESNEY
United States District Judge